IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DERREK HUNTER PARRY, #20530-078 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:15cv557 |
| | § | CRIMINAL ACTION NO. 4:12cr271(1) |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Movant Derrek Hunter Parry filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**BACKGROUND**

On December 5, 2013, after a plea of guilty pursuant to written plea agreement, Movant was sentenced to 21 months' imprisonment for a conviction of possession of a firearm while an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3), 924(a)(2). He did not file a direct appeal.

The present motion was filed on August 14, 2015. In his motion, Movant claims that he is entitled to relief based on ineffective assistance of counsel. Specifically, he complains that counsel did not explain viable defenses to his case based on an illegal search and seizure of contraband. He also asserts that he would not have pleaded guilty had he known that he would face deportation as a result of his guilty plea. The court did not order the Government to file a Response.

**ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. A one year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging a conviction. A conviction is final under § 2255 when a defendant's options for further direct review are foreclosed. *United States v. Gamble*, 308 F.3d 536, 537 (5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000). When a defendant fails to file a timely notice of appeal from the judgment of the trial court, the conviction is final upon the expiration of the time for filing a notice of appeal, which is ten days after the entry of the judgment. Fed. R. App. P. 4(b). *See, e.g., Wims v. United States*, 225 F.3d 186, 188 (2nd Cir. 2000).

Movant was sentenced on December 5, 2013, and his notice of appeal was due fourteen days later. Fed. R. App. P. 4(b). He did not file a notice of appeal; consequently, his conviction became final for purposes of § 2255 on December 19, 2013. *See Plascencia v. United States*, 2005 WL 2124465 (N.D. Tex. 2005) (Not Reported in F. Supp.2d);[1] *United States v. Cabrera*, 2005 WL 1422154 (N.D. Tex. 2005) (Not Reported in F. Supp.2d). Accordingly, the present § 2255 motion had to be filed within one year from the date on which the judgment became final. Movant had until December 19, 2014, in which to file his motion. It was not filed until August 14, 2015. Movant filed his § 2255 motion 7 months and 27 days beyond the limitations period.

Movant asserts that the one-year limitations period should run from the date on which the

---

[1] The movant in this case, Plascencia, filed a motion for Certificate of Appealability, which was granted. However, on July 23, 2008, the Fifth Circuit affirmed the District Court's decision. *See United States v. Plascencia*, 537 F.3d 385, (5th Cir. 2008).

facts supporting his claim could have been discovered through the exercise of due diligence, pursuant to 28 U.S.C. § 2255(f)(4). He claims that he could not have discovered the facts supporting his claim through the exercise of due diligence prior to November, 2014. He explained that his parents hired his present counsel to conduct research as to whether Movant would face any immigration consequences. Thus, he claims that the one-year deadline should be extended to November, 2015. However, this argument is flawed. A review of the presentence report dated July 11, 2013, clearly shows that Movant was identified as a deportable alien "who likely will be deported after imprisonment." *See* 4:12cr271, dkt #33, p. 15. Movant was aware, or could have been aware with due diligence, of his deportable alien status as early as July 11, 2013. Accordingly, to be timely, Movant must have filed his motion by December 19, 2014.

The United States Supreme Court confirmed that the AEDPA statute of limitation is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. —, 130 S. Ct. 2549, 2560, 177 L. Ed.2d 130 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 130 S. Ct. at 2562). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 20902). The movant bears the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir.1998). In order to qualify for such equitable tolling, the Movant must present "rare and exceptional

circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998). In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se,* illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.2000).

As a general rule, equitable tolling has historically been limited to situations where the Movant "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [Movant] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed.2d 435 (1990). Furthermore, equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the Court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the Movant the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas,* 517 U.S. 314, 324, 116 S. Ct. 1293, 134 L. Ed.2d 440 (1996).

Movant has not shown any valid basis upon which to equitably toll the statute of limitations. He has not shown due diligence or rare and exceptional circumstances. He filed his motion 239 days beyond the limitations period; accordingly, the motion should be dismissed as time-barred.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended

that the court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604).

5

Accordingly, it is respectfully recommended that the court find that Movant is not entitled to a certificate of appealability.

## RECOMMENDATION

It is accordingly recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 14th day of April, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE